## A08A0073. IN RE ESTATE OF AUSTIN.
(666 SE2d 73)

PHIPPS, Judge.

In November 2006, the Paulding County Probate Court ordered a partial distribution of assets from the estate of James Curtis Austin. Diane White, a beneficiary of the estate, appealed to the superior court that portion of the order authorizing the executor, Regions Bank, to pay $639,049 for its attorney fees. Regions Bank moved to dismiss White's appeal, and that motion was granted by the Paulding County Superior Court. White now appeals the superior court's order. Because the superior court erred by granting the motion to dismiss, we reverse.

In its November 2006 order, the probate court directed Regions Bank to immediately distribute to the estate's beneficiaries amounts set forth on a preliminary distribution schedule and authorized it to pay $639,049 out of the proceeds of the sale of estate property for its attorney fees to date. Shortly thereafter, counsel for Regions Bank sent a letter to White's counsel, enclosing checks for White's distribution and for her counsel's attorney fees. The letter stated that "[b]y endorsing and depositing these checks, you are agreeing to the terms of the Court's Order and attached Distribution Schedule and waiv[ing] any and all objections to or right of appeal of the Court's Order." There is no evidence that any similar language was included on the enclosed checks.

In light of the letter's purported waiver language, White's counsel apparently contacted the probate court judge's office to determine how to proceed. In response, an employee in the judge's office prepared a note indicating that the beneficiaries could disregard that language in the letter from Regions Bank's counsel as it "was not [the judge]'s intention and certainly not part of her ruling." White's counsel never obtained a ruling from the probate court judge on this issue.

White subsequently deposited her distribution checks and then appealed the executor's entitlement to $639,049 in attorney fees from the estate. In its motion to dismiss White's appeal, Regions

Bank argued that, by cashing her distribution check, White waived her right to appeal. In the alternative, the bank argued that her actions operated as an accord and satisfaction of any and all claims regarding the November 2006 order. The superior court ruled that when White accepted the money, she also accepted the terms of the letter regarding waiver of her right to appeal.

1. White claims that the superior court erred by granting the motion to dismiss her appeal. We agree and reverse because Regions Bank lacked authority to attach conditions to its disbursement of White's share of the estate's assets.

> An executor is a quasi court officer. As such, an executor is cloaked with a presumption that [it] will not by any act of omission or commission fail to perform or exceed [its] authority in the discharge of [its] duties. An executor of an estate occupies a fiduciary relationship toward parties having an interest in the estate. The relationship between an executor and those [it] represents normally is deemed confidential and requires the utmost good faith.[1]

The probate court ordered Regions Bank to make an immediate distribution to the estate's beneficiaries, and nothing in the order authorized Regions Bank to require the beneficiaries to forego any right merely to receive what had been court-ordered. Furthermore, Regions Bank had a duty to avoid potential conflicts between its interest and the interests of the beneficiaries.[2] By attempting to preclude the beneficiaries from challenging a sizeable attorney fees award before accepting their share of the estate's proceeds, Regions Bank created just such a potential conflict.

2. Regions Bank's motion to dismiss this appeal is denied. White sought and obtained additional time to file her appellate brief.

*Judgment reversed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JULY 1, 2008 —
RECONSIDERATION DENIED JULY 17, 2008.

*Caldwell & Watson, Christopher H. Elliott*, for appellant.
*Gaslowitz & Frankel, Adam R. Gaslowitz, Jon L. Weinberg, Brian M. Deutsch*, for appellee.

---

[1] *Bloodworth v. Bloodworth*, 260 Ga. App. 466, 470-471 (1) (579 SE2d 858) (2003) (citations and punctuation omitted).

[2] Id. at 471.